CHAMBERS OF
**CHELSEA J. CRAWFORD**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

October 8, 2025

To:     Counsel of Record

Re:     *Ansari v. Wal-Mart Stores East LP*
        Civil No. CJC-25-2331
        Discovery Dispute Procedure

Dear Counsel:

I am providing you with my informal discovery dispute procedure. Should a discovery dispute arise in this matter, the parties must first engage in a good faith effort to resolve the dispute among themselves. The parties may use the expedited process detailed below only if their good faith efforts at resolution are unsuccessful. Further, the parties should not file any discovery motions until the informal discovery dispute process has been followed and I determine that formal briefing is necessary.

My informal discovery dispute procedure is as follows:

**You are required to attempt in good faith to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:**

1.      File via the Court's Case Management/Electronic Case Files system (CM/ECF) a joint letter—not to exceed one (1) page—that advises me of the dispute for which the parties are seeking court intervention. The letter should only describe the nature of the dispute and confirm that the parties have held a Local Rule 104.7 conference and attempted to resolve the dispute on their own. The parties are required to meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

2.      Within 24 hours of sending the joint letter, counsel involved in the discovery dispute shall contemporaneously file via CM/ECF short letters—not to exceed three (3) pages—that set forth their respective positions. Because you should already be familiar with the other party's position by virtue of your conference, this procedure contemplates that you will file your letters at the same time. You are not to "reply" to each other's letters. Do not file attachments to your letters unless I have granted permission in advance. Any request to include attachments should describe the proposed attachment, including its length, and justify the need for the attachment.

3.      Upon review of these letters, I will determine whether a conference is necessary to resolve the dispute. If so, my Chambers will contact you with a timeframe when I am available for a conference.

4.      If I advise counsel that I would like to have a conference, the parties will confer and report to my Chambers the date and time, within that timeframe, when all counsel are available.

I will do my best to resolve as many discovery disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so after hearing from you, or after review of the letters submitted pursuant to paragraph 2 above, I will direct that the procedures for formal briefing be followed.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Chelsea J. Crawford
United States Magistrate Judge